FILED
United States Court of Appeals
Tenth Circuit

August 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

v.

DAWN QUIROGA,

Defendant-Appellant.

No. 10-6038
(D.C. No. 5:09-CR-00102-L-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Pursuant to a plea agreement, Dawn Quiroga pleaded guilty to one count of

money laundering in violation of 18 U.S.C. § 1957 and one count of failure to file

a tax return in violation of 26 U.S.C. § 7203. The government has moved to

enforce the plea agreement's appeal waiver. *See United States v. Hahn*, 359 F.3d

1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Ms. Quiroga's counsel filed

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

a response citing *Anders v. California*, 386 U.S. 738 (1967). We gave

Ms. Quiroga an opportunity to respond to her counsel's submission. To date, she

has not responded. The government, however, filed a reply to counsel's response.

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

voluntarily waived his appellate rights; and (3) whether enforcing the waiver

would result in a miscarriage of justice." 359 F.3d at 1325. Through counsel,

Ms. Quiroga asserts that her waiver was not knowing and voluntary and enforcing

it would result in a miscarriage of justice.

### Scope of the Waiver

Ms. Quiroga does not claim that the appeal falls beyond the waiver's scope.

Generally we are not required to address an uncontested *Hahn* factor. *See United*

*States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Because counsel cited

*Anders*, however, we have considered whether this appeal is within the scope of

the appellate waiver. *See Anders*, 386 U.S. at 744 (requiring the court to

undertake "a full examination of all the proceedings"). Ms. Quiroga has not

formally identified her appellate issues, but it appears that she wishes to argue

that her counsel was ineffective throughout the proceedings.

The appellate waiver is extremely broad, covering almost every challenge

to the conviction or sentence. To the extent that an ineffective-assistance claim

addresses something other than counsel's performance with regard to the plea or

waiver, it falls within the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But "ineffective assistance of counsel claims challenging the validity of the plea or the waiver" are not waivable. *Id.*

Even if some portion of Ms. Quiroga's claim is not waivable, questions of ineffective assistance are only rarely heard on direct appeal. Instead, they properly are raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144 (citing *Hahn*, 359 F.3d at 1327 n.13). No circumstances in this case justify departing from the general practice of deferring ineffective-assistance claims to § 2255 proceedings. Thus, any portion of the issue that is not waived cannot properly be argued in this appeal. Under these circumstances, we shall not deny the motion to enforce on the ground that some portion of the issue to be raised may be outside the scope of the waiver.

### *Knowing and Voluntary*

Through counsel, Ms. Quiroga submits that the plea was not knowing and voluntary because "she did not fully understand and appreciate the nature and consequences of what she was doing due to her counsel's failure to communicate

with her throughout the proceedings." Resp. at 2. She further asserts that she believed that she was to receive leniency under United States Sentencing Guidelines § 5K1.1 due to substantial assistance that she rendered to the government. The government replies that the record is clear that there was no promise or understanding obligating it to make a § 5K1.1 motion.

In evaluating whether an appellate waiver was knowing and voluntary, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. It is Ms. Quiroga's burden to present evidence establishing that she did not understand the waiver. *See id.* at 1329; *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Both the plea agreement and the Rule 11 colloquy clearly set out the appellate waiver and the knowing and voluntary nature of the plea. *See* Mot., Attach. 1 (Plea Agreement) at 7-8 (asserting that the waiver is knowing and voluntary); *id.* at 13 (acknowledging that she has discussed the terms of the agreement with her attorney and she understands and accepts them); *id.*, Attach. 2 (Rule 11 Colloquy) at 12 (Ms. Quiroga confirming plea was not forced or coerced or induced by promises regarding a sentence); *id.* at 15 (mention of appellate waiver as part of summary of the plea agreement's provisions); *id.* at 17 (Ms. Quiroga expressing agreement with summary of provisions); *id.* at 18

(Ms. Quiroga confirming that there were no other promises); *id.* at 22 (Ms. Quiroga expressing satisfaction with the services of her attorney and stating she understood the proceedings); *id.* at 26-27 (discussion of appeal waiver). Ms. Quiroga has presented no evidence contradicting these portions of the record. Further, the record fails to support her assertions regarding her understanding of the government's § 5K1.1 obligations. *See* Mot., Attach 1 (Plea Agreement) at 12-13 (reserving a § 5K1.1 motion solely to the government's discretion and providing that "a negative decision will not allow a guilty plea to be withdrawn"); *id.*, Attach. 2 (Rule 11 Colloquy) at 15-16 (noting that the government had no § 5K1.1 obligations). In any event, a misunderstanding concerning § 5K1.1 does not mean that her *waiver* was not knowing and voluntary. *See Hahn*, 359 F.3d at 1327 (explaining that a defendant need not "know with specificity the result he forfeits before his waiver is valid").

### *Miscarriage of Justice*

A waiver will not be enforced where it will result in a miscarriage of justice, which *Hahn* defined as "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quotation omitted). The only category that is relevant here is ineffective assistance of counsel. As discussed above, however, a claim of

ineffective assistance generally must be addressed in a collateral 28 U.S.C. § 2255 proceeding, even where a defendant invokes ineffective assistance in an attempt to negate an appellate waiver. *See Porter*, 405 F.3d at 1144. Of course, Ms. Quiroga's waiver will not preclude her from bringing a § 2255 motion alleging ineffective assistance of counsel relating to the waiver itself. *See Cockerham*, 237 F.3d at 1187.

The motion to withdraw as counsel is GRANTED. The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM